## Guede Unemployment Compensation Case.

## Guede, Appellant, v. Unemployment Compensation Board of Review.

Argued March 16, 1948. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT, J., absent).

*Abraham Berkowitz,* for appellant.

*Roland M. Morgan,* with him *William L. Hammond,* Special Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY DITHRICH, J., April 13, 1948:

The claimant appellant in this unemployment compensation case was discharged for "willful misconduct connected with his work" as a bartender. The alleged misconduct was drinking while on duty in direct violation of an order of his employer.

His claim for compensation was disallowed by the Bureau of Unemployment Compensation. On appeal by claimant the decision of the Bureau was reversed by the referee, but on appeal by the employer the decision of the referee was reversed by the Board of Review and the claim again disallowed. Claimant then brought this appeal.

The decision of the Board of Review will be sustained. The findings of the Board when supported by the evidence are conclusive on appeal to this Court. *Hall v. Unemployment Compensation Board of Review,* 160 Pa. Superior Ct. 65, 49 A. 2d 872; *Pusey Unemployment Compensation Case,* 159 Pa. Superior Ct. 571, 49 A. 2d 259. The decision of the Board of Review is based on the following finding of fact: "2. The employer on several occasions had been informed that the claimant was in the habit of drinking while on duty and accordingly warned the claimant approximately one month prior to his discharge that if he continued to drink he would be dismissed. On a number of occasions thereafter the claimant drank while on duty but the employer took no action. On December 28, 1946, the employer upon appearing at the establishment observed that the claimant was under the influence of liquor and, noting that he had broken some glasses and spilled some drinks and

was in no condition to operate the bar, accordingly notified the claimant that he was discharged."

It is the contention of appellant that the Board erred in formulating and adopting the foregoing finding of fact. The finding is supported by competent evidence. The testimony of the employer was straightforward and convincing, while that of claimant was evasive and unconvincing. For illustration, when he was asked: "Q. At the time you were warned—after that time you never took a drink again? A. He never saw me take a drink, no. Q. Did you take a drink before that? A. I might in the morning first thing. Word always got to the boss. Q. After you were warned the month before discharge, did you or did you not take a drink yourself or take a drink with a customer? A. Not a drink with a customer. Q. Did you take a drink yourself? A. Might have in the morning—it was cold in there—always could do my work though. Q. Did you drink behind the bar? A. I did early in the morning because it was cold, which did not hurt anyone. . . . Q. On your last day of employment, tell us about how many drinks you had that day? A. That morning I might have had one or two and after that I had none." The employer testified: "Previously—a month prior to his discharge I had told him about drinking on duty and warned him I would have to discharge him if he continued. The date of discharge, he broke glasses, spilled drinks and was teetering behind the bar. Generally, he could not perform his job. . . . Q. Was he discharged as a result of his having broken glasses, spilled drinks and teetering behind the bar on the last day of work? A. That's right. Q. You saw his condition at that time? A. That's right. Q. A month before he had been warned that a continuance of such action might lead to his discharge? A. That is correct. Q. . . . During that month did you see him drinking? A. I saw the results of it."

Appellant takes the position that since his employer did not actually see him drinking on the day he was

discharged, the employer must have been relying on what had been told him by customers, particularly as to claimant's heavy drinking two days prior thereto, or on the day after Christmas. This fallacious reasoning is in line with claimant's evasive answer, when asked if he had ever taken a drink on duty after he had been warned by his employer, that "He never saw me take a drink," and overlooks the fact as found by the Board that the employer saw him under the influence of liquor on the day that he was discharged, and the additional finding, based on claimant's admission that on a number of occasions after he had been warned by his employer, including the morning of December 28, he had been guilty of drinking before breakfast while on duty. On the basis of all the evidence, the Board was fully justified in finding that claimant was guilty of willful misconduct within the meaning of §402(e) of the Unemployment Compensation Law. Claimant having been warned by his employer sometime in November of 1946 that if he continued to drink while on duty he would be discharged, his subsequent conduct cannot be considered as anything but willful misconduct.

Decision affirmed.