# Bates Unemployment Compensation Case.

Argued March 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*George Edward Bates, Sr.,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

Claimant was discharged for "willful misconduct connected with his work" within the meaning of §402(e) of the Unemployment Compensation Law, in that he appeared for work in an intoxicated condition in direct violation of an order of his employer. He has appealed from the denial of benefits.

The Referee and the Board disallowed compensation, the Board making the following finding of fact. "On October 24, 1950, claimant appeared for work under the influence of liquor and was about to be discharged for this reason when it was discovered that he had received an arm injury several hours previously. He was offered, and refused, medical treatment. The following day he was taken to the hospital at Pitts-

burgh, but refused to remain for treatment and went to his home in Ohio. He returned to work on December 4, 1950, at which time he was suspended for a period of five days and at the end thereof, discharged because of his having appeared for work in an intoxicated condition on October 24, 1950."

Claimant was a deck hand in the employ of the Pittsburgh Consolidation Coal Company, river boat division, and was discharged on December 9, 1950, for having appeared for work in an intoxicated condition. The record discloses that on October 24, 1950, he was A.W.O.L. as his boat weighed anchor for a trip up the Allegheny River. Later that night, he and two associates boarded the boat at a point up the river when the boat was passing through Lock 4. At that time, the claimant had been drinking and was noisy and boisterous. Claimant was given a leave of absence because of injuries to his arm and when he returned for work on December 4, 1950, was discharged five days later because of appearing for work in an intoxicated condition. The case is ruled by *Guede v. Unemployment Compensation Board of Review*, 162 Pa. Superior Ct. 479, 58 A. 2d 197, where DITHRICH, J., concluded that a bartender who drank while on duty in direct violation of an order of his employer was guilty of willful misconduct within the meaning of §402(e) of the Unemployment Compensation Law. Appearing for work in an intoxicated condition is conduct sufficiently inimical to the employer's interest as to constitute willful misconduct. The findings of the Board, supported as they are by competent and credible evidence, are conclusive on appeal to this Court. *Hall v. Unemployment Compensation Board of Review*, 160 Pa. Superior Ct. 65, 49 A. 2d 872.

Decision affirmed.