## Ricks Unemployment Compensation Case.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Leslie P. Hill,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*A. S. Keyser,* with him *Kleinbard, Bell & Brecker,* for employer, intervenor-appellee.

OPINION BY WATKINS, J., November 12, 1957:

The appellant in this Unemployment Compensation case, was employed as a porter by the Keystone Building Maintenance Corporation, the intervenor-appellee. He was discharged for willful misconduct connected with his work within the meaning of Section 402 (e) of the Unemployment Compensation Law, in that he appeared for work in an intoxicated condition so that it was necessary for appellee's foreman to send him home.

The bureau, the referee and the board disallowed compensation and found the following facts pertinent to this appeal.

"3.  Claimant was warned on numerous occasions about reporting for work in an unfit condition due to drinking."

"4.  On January 13, 1957 claimant reported for work in such an unfit condition, due to intoxication, that it was necessary for the foreman to send him home. As a result of this last incident claimant was discharged."

Although there was conflicting testimony, the record discloses that the appellant was absent from work on numerous occasions as a result of drinking; that he was

warned on numerous occasions for reporting to work in an unfit condition due to drinking. The incident that led to his discharge occurred when he reported to work on Sunday night, January 13, 1957. The foreman, on duty, testified that in his opinion he had been drinking; that he was unable to assume his duties; that his breath smelled of alcohol; and that he "didn't look like he was able to work." The foreman sent him home with another employee. The appellant claimed he was sick, "felt faint and got it in my knees and just went down." He denied drinking.

The facts found by the board would justify the conclusions that the appellant was guilty of willful misconduct within the meaning of Section 402 (e) of the Unemployment Compensation Law. "Appearing for work in an intoxicated condition is conduct sufficiently inimical to the employer's interest as to constitute willful misconduct." *Guede Unemployment Compensation Case*, 162 Pa. Superior Ct. 479, 58 A. 2d 197 (1948); *Bates Unemployment Compensation Case*, 171 Pa. Superior Ct. 529, 90 A. 2d 379 (1952). The law is settled that "The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board. It is our duty to view the evidence in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. . . . Findings of fact by the board which are supported by competent and substantial evidence are conclusive, and binding upon the appellate court." *McGinnis Unemployment Compensation Case*, 184 Pa. Superior Ct. 95, 98, 99, 132 A. 2d 749 (1957).

The findings of the board in this case are supported by competent and credible evidence and are conclusive on this Court in this appeal.

Decision affirmed.