## Smith Unemployment Compensation Case. Adams, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 25, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Frank Kingston Smith,* with him *Hamilton, Smith & Darmopray,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., June 11, 1958:

The claimant, John H. Smith, was denied unemployment compensation by the bureau, but the referee and the board ruled that he was eligible for compensation. The employer appealed, contending that the claimant was discharged for "willful misconduct connected with his work," which would disqualify claimant for benefits under the terms of section 402(e) of the Unemployment Compensation Law. 42 PS §802(e).

The claimant was employed by the appellant from September 1954 to December 20, 1956. On the latter date he was taken to the hospital suffering from delirium tremens, acute toxic hepatitis and GI tract hemorrhage. The claimant's wife notified the employer of the illness. The employer thereupon sent his personal physician to the hospital to see the claimant and he continued the claimant on the payroll until after his release from the hospital. After claimant was released from the hospital, he asked for his job back, and was told he had been replaced.

There is evidence that the claimant had been drinking intoxicating liquor numerous times while working at the appellant's place of business. This was "willful misconduct connected with his work," for which the employer could have discharged him. If the claimant was discharged for this reason, he would not be entitled to unemployment compensation. *Guede v. Unemployment Compensation Board*, 162 Pa. Superior Ct. 479, 58 A. 2d 197 (1948) ; *Bates Unemployment Compensation Case*, 171 Pa. Superior Ct. 529, 90 A. 2d 379 (1952).

The question here is whether he was discharged because of his drinking during working hours, or whether he was discharged because he had become ill and the employer replaced him without giving him sufficient time to recover and return to his employment. There is evidence to support either contention. It is, therefore, a question of fact for the board. *Tronieri Unemployment Compensation Case*, 164 Pa. Superior Ct. 435, 65 A. 2d 426 (1949). It found for the claimant.

Decision affirmed.