## Hassen Unemployment Compensation Case.

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*H. Joseph Hepford,* with him *Compton, Ziegler & Hepford,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY HIRT, J., April 16, 1959:

The claimant had been employed as a bulldozer operator by Henry Antes for a period of about two weeks. It is agreed that his last day of work was Monday, June 16, 1958. On the following morning he was discharged by his employer because of the effect of excessive drinking on his ability to do his work properly. The board from the evidence before the referee, at the original hearing, and a second remand hearing, found: "On June 19, 1958 [corrected by agreement to Monday, June 16, 1958] the claimant reported for work in an intoxicated condition and also drank intoxicants while on the job. As a result he was discharged." The board also found: "The claimant had been previously warned

about drinking intoxicants on the job." On these find-
ings the board concluded that claimant was disquali-
fied from benefits under §402(e) of the Unemployment
Compensation Law, 43 PS §802(e) for willful miscon-
duct connected with his work.

We are concerned here with the testimony as to the
degree of impairment of claimant's ability to coordi-
nate, both mentally and physically, because of excessive
drinking. This was not the first occasion when the
employer had cause to complain of his inability to do
his work on that ground. At Arnet, where he had pre-
viously operated a bulldozer for Antes, this same em-
ployer had warned him about drinking and at the
hearing before the referee the claimant admitted: "At
Arnet he came over there one evening and he said he
didn't care how much I drank nights and week ends,
but he didn't want anybody operating his machinery
while they were drinking." On Monday morning, June
16, the claimant appeared slightly late for work, and
his demeanor suggested that he was in a state of al-
coholic depression referred to, colloquially in the rec-
ord, as a "hangover". Antes operated another piece
of equipment nearby where he observed that claimant
was not doing his work as directed. Nevertheless
claimant was allowed to operate the bulldozer through-
out the morning, and for a short time after the noon
lunch period. Antes testified: "I asked him—I left
him work till 2:30 and he wasn't getting anything ac-
complished, and I asked him if he had a rough week
end. He stated he did. I says to him, 'You had some-
thing to drink at noon,' and he admitted to me he did.
And so, I says to him, 'You didn't have no dinner with
you either.' He admitted that, too, he didn't have no
dinner. I said to him, 'You're really in no shape to
be operating a bulldozer,' and he said he felt pretty
tough. And I said, 'Okey, you go home this after-

noon.' " Claimant was discharged when he appeared the following morning.

Appearing for work in an intoxicated condition constitutes willful misconduct within the meaning of §402(e) of the Act. *Bates Unemployment Compensation Case,* 171 Pa. Superior Ct. 529, 90 A. 2d 379. And, in our view, within the contemplation of the Unemployment Compensation Law, intoxication comprehends not only the easily recognized manifestations of excessive drinking, but also any abnormal mental or physical condition from over-indulgence which deprives an employe of the clearness of intellect or muscular control necessary for the proper performance of his work. The reasonable inferences to be drawn from the testimony as well as the credibility of the witnesses and the weight of their testimony were for the board. *Ristis Unempl. Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271. In the light of these principles the findings of the board are amply supported by the competent evidence and the board cannot be charged with a capricious disregard of any testimony favorable to the claimant. The findings therefore are binding upon us in this appeal. Section 510 of the Unemployment Compensation Law, 43 PS §830. *Tronieri Unempl. Compensation Case,* 164 Pa. Superior Ct. 435, 65 A. 2d 426.

Decision affirmed.