John J. Cornyn, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee, and Institute Computer Management, Intervening Appellee.

Submitted on briefs December 7, 1973, to Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*J. Craig Kuhn,* with him *Kuhn, Engle, Blair and Stein,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

*P. Christian Hague,* with him *Meyer, Unkovic & Scott,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., March 15, 1974:

This is an appeal from a decision of the Unemployment Compensation Board of Review which denied Claimant Cornyn compensation benefits.

Claimant was hired by the Institute of Computer Management (ICM), a trade school offering courses in computer programming, in October or November of 1971. Claimant's work involved making telephone calls and follow-up appointments with prospective students. Working hours were generally 2:00 P.M. to 8:00 P.M. without fixed hours for lunch.

On April 19, 1972, Claimant was fired by the Director of Admissions of the school who charged that he had been drinking alcoholic beverages during working hours.

The Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review (Board) denied Claimant benefits in determining that he was guilty of "willful misconduct."

Claimant appeals here.

There is no dispute that intoxication during working hours amounts to "willful misconduct." *Hassen Unemployment Compensation Case,* 189 Pa. Superior Ct. 386, 150 A. 2d 158 (1959); *Bates Unemployment Compensation Case,* 171 Pa. Superior Ct. 529, 90 A. 2d 379 (1952).

The thrust of the Appellant's case is that there is no "competent, credible evidence" to support the Board's determination that he had been drunk during working hours. Claimant would have us dismiss the determination of the Board because conflicting testimony was presented on the question of whether he was intoxicated the day he was fired. The mere fact that conflicting evidence was presented does not necessarily mean that

there is no competent or credible evidence to support particular findings. Questions of credibility and the weight to be given certain evidence are for the Board. *Dennis L. Marcentino v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 204, 309 A. 2d 462 (1973). It is obvious here that the Board believed the testimony of the numerous witnesses of the employer. We think it is unnecessary to burden the reader by outlining in detail the testimony. Suffice it to say that the findings of the Board are clearly supported by the evidence.

We have examined the other arguments of Claimant, find that they lack merit and call for no further elaboration.

Accordingly, we enter the following

### ORDER

AND Now, this 15th day of March, 1974, the Order of the Pennsylvania Unemployment Compensation Board of Review dated February 21, 1973, is hereby affirmed.