**Matthew J. DILLON, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2012.

Decided June 18, 2013.

conditions to address the Objectors' concerns over the traffic, noises, fumes and trash col-
lections.

Robert J. Freeman, Ebensburg, for petitioner.

Shawn Westhafer, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge and FRIEDMAN, Senior Judge.

OPINION BY Judge LEADBETTER.

 Employer Appleton Papers discharged Claimant Matthew J. Dillon from employment for testing positive for alcohol in violation of its substance abuse policy. Claimant petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed, as modified, the decision of a referee and denied him unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law),[1] the general willful misconduct provision, instead of Section 402(e.1),[2] the specific will-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Section 402(e.1) of the Law was added by Section 3 of the Act of December 9, 2002, P.L. 1330, 43 P.S. § 802(e.1), and became effective immediately.

ful misconduct provision pertaining to an employee's failure to submit to and/or pass a drug test conducted pursuant to an employer's established substance abuse policy.[3] By way of background, the Altoona UC Service Center and the referee initially determined Claimant's eligibility for benefits under Section 402(e.1), but the Board on appeal remanded the matter to place Section 402(e) at issue, concluding that alcohol testing was outside the purview of Section 402(e.1).[4] Because Claimant's eligibility should have been analyzed under Section 402(e.1), we conclude that the Board erred in remanding this matter. Nonetheless, we affirm its order denying Claimant benefits.[5]

Claimant worked for Employer from October 2000 to September 2011. Last employed as a full-time apprentice pipe fitter at $20 per hour, Claimant's job duties included operating a forklift, changing propane tanks, handling chemicals and pressurized containers, welding and using power tools. Claimant was aware that Employer prohibited employees from working with a breath-alcohol content (BAC) in excess of 0.02% and that it conducted random tests to ascertain compliance. In December 2010, due to an allegedly positive BAC test, Claimant signed a last-chance agreement subjecting him to post-rehabilitation testing for twelve months and advising him that another positive BAC test would result in disciplinary action up to and including discharge from employment. December 1, 2011 Hearing, Employer's Exhibit E–2. In September 2011, Claimant tested positive for a BAC in excess of 0.02%. The following month, Employer discharged him for violating its substance abuse policy.[6]

**3.** Analyzing Claimant's eligibility under Section 402(e), the Board determined that: 1) Claimant violated Employer's substance abuse policy; 2) the violation constituted willful misconduct under Section 402(e); and 3) he failed to establish that he had good cause for violating the policy or that the policy was unreasonable.

**4.** In comparing Section 402(e) and 402(e.1), we note that each provision requires an employer to establish the rule/policy and that the employee violated it. If an employer satisfies its initial burden, then the burden shifts to the employee under Section 402(e) to demonstrate good cause for violating the rule, *i.e.,* that the violation was justifiable or reasonable under the circumstances. *Frumento v. Unemployment Comp. Bd. of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976). In contrast, if an employer satisfies its initial burden in a Section 402(e.1) case, then the burden shifts to the employee to show that employer's substance abuse policy was in violation of the law or a collective bargaining agreement. *Greer v. Unemployment Comp. Bd. of Review,* 4 A.3d 733, 736 (Pa.Cmwlth.2010).

**5.** In *Turner v. Unemployment Compensation Board of Review,* 899 A.2d 381, 385 (Pa. Cmwlth.2006), we noted that, where grounds for affirmance exist, we may affirm an agency's decision on other grounds.

**6.** Employer's substance abuse policy, in pertinent part, provides as follows:

> The safety and health of employees and their families, protection of Company property, quality of our products and financial performance of our Company can be directly and adversely affected by the use of alcohol, drugs or controlled substances. Impairment due to the presence of illegal drugs, alcohol or other unauthorized controlled substances in one's system while on the job poses serious safety and health risks for the user and for all employees who work with the user.
> [Employer] recognizes that some employees may develop problems with substance abuse. It is the Company's desire to help employees who wish to seek treatment directed toward rehabilitation. However, it is the full expectation of the Company and inherent in the privilege of employment that all employees report to work fit for duty. Under no circumstances are employees permitted to have a level of any illegal drug, alcohol, or other unauthorized controlled substance in their system at or above that indicated in Section XI of this Policy,

█ As an initial matter, we reiterate this Court's prior holdings that the proper provision under which to analyze discharges where an employee fails to submit to and/or pass a drug test is Section 402(e.1) and not Section 402(e). *Architectural Testing, Inc. v. Unemployment Comp. Bd. of Review*, 940 A.2d 1277, 1280–81 (Pa.Cmwlth.2008); *Turner v. Unemployment Comp. Bd. of Review*, 899 A.2d 381, 384 (Pa.Cmwlth.2006); *UGI Utils., Inc. v. Unemployment Comp. Bd. of Review*, 851 A.2d 240, 245 (Pa.Cmwlth. 2004). Most notably, in *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841 (Pa.Cmwlth.2005), this Court analyzed an alcohol-related violation of a substance abuse policy under Section 402(e.1). Notwithstanding our previous decisions, however, the Board suggests that the legislature did not intend to include alcohol within the purview of Section 402(e.1) because it makes no specific reference to alcohol in that provision. We reject the Board's position.

Section 402(e.1) provides that that an employee shall be ineligible for compensation for any week

> [i]n which his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement.

While it is true that the legislature did not include the word alcohol in Section 402(e.1), we conclude that interpreting that provision to exclude alcohol would render an unreasonable result, fail to give effect to all of the words therein and fail to promote the public interest contrary to the edicts of Sections 1922(1), (2) and (5) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922(1), (2) and (5).

First, we note that the courts of this Commonwealth have long considered alcohol use and/or abuse, like drug abuse, to constitute willful misconduct under certain circumstances, and for the same reasons. E.g., *Cornyn v. Unemployment Comp. Bd. of Review*, 12 Pa.Cmwlth. 447, 448, 316 A.2d 158, 159 (1974) (intoxication during working hours constitutes willful misconduct). This is due to "the easily recognized manifestations of excessive drinking, [and] also any abnormal mental or physical condition from over-indulgence which deprives an employe of the clearness of intellect or muscular control necessary for the proper performance of his work." *Hassen v. Unemployment Comp. Bd. of Review*, 189 Pa.Super. 386, 389, 150 A.2d 158, 160 (1959). With the addition of Section 402(e.1), however, it is no longer necessary for an employer with a substance abuse policy to establish general willful misconduct; it is sufficient for the employer to establish the substance abuse policy and its violation.

█ Second, we conclude that interpreting Section 402(e.1) to exclude alcohol would render an unreasonable result because many employers when crafting their substance abuse policies equate alcohol with drugs as a substance that employees

---

while acting on behalf of the Company on or off Company premises, while in the Company facility, while operating a Company owned or leased vehicle, or while at a location otherwise occupied or controlled by the Company.

[Employer] has adopted this policy to achieve its goal of providing a safe working environment that is free from the effects of illegal drugs, alcohol or other unauthorized controlled substances.

December 1, 2011 Hearing, Employer's Exhibit E–1 at 18. Section XI of Employer's policy provides that an alcohol concentration of 0.02% or greater will be reported as positive. *Id.* at 26.

can abuse to the detriment of other employees, the company and the public at large. As Employer stated in the substance abuse policy at issue: "The safety and health of employees and their families, protection of Company property, quality of our products and financial performance of our Company can be directly and adversely affected by the use of alcohol, drugs or controlled substances." December 1, 2011 Hearing, Employer's Exhibit E–1 at 18. Moreover, in *Architectural Testing*, we held that the refusal to take a test mandated by an established substance abuse policy was the equivalent of failing the test for purposes of 402(e.1). Where, as here and in the usual case, the employer's policy covers impairment from either alcohol or drugs, it could often be impossible to tell which was involved in the case of a *refusal* to be tested. As this Court has noted, statutes should be construed to receive a sensible construction and, if possible, to avoid absurdity and mischief. *Capital Acad. Charter Sch. v. Harrisburg Sch. Dist.*, 934 A.2d 189, 193 (Pa.Cmwlth.2007); 1 Pa.C.S. § 1922(1). In addition, statutes should be interpreted to promote the public interest as against any private interest. 1 Pa.C.S. § 1922(5).

Third, giving effect to all of the words in Section 402(e.1), including the phrase "substance abuse," we conclude that the legislature intended to include alcohol as a substance that is subject to abuse within the meaning of that provision. 1 Pa.C.S. § 1922(2) (presumption that legislature intends entire statute to be effective and certain). The Board suggests that the leg-

islature did not intend to include alcohol because it is not "normally" considered to be a drug, it can be purchased legally and it may be reasonable for some employees, *i.e.*, salespersons, to consume alcohol at a business lunch. In spite of the more common usage of the term "drug" to refer to pharmaceuticals or illegal substances, Black's Law Dictionary 571 (9th ed.2004) defines "drug," *inter alia*, as a "natural or synthetic substance that alters one's perception or consciousness." Included in the many definitions of "drug" listed in Webster's Third New International Dictionary (Unabridged) 695 (1993) are both, "a substance other than food intended to affect the structure or function of the body of man" and "something that is narcotic in its effect." Similarly, Stedman's Medical Dictionary 522 (26th ed.1995), lists as one definition, "General term for any substance, stimulating or depressing, that can be habituating or addictive. . . ." Clearly alcohol falls within these less common but recognized usages.

Moreover, with respect to the Board's legal/illegal distinction, we note that physician-prescribed and over-the-counter pharmaceutical drugs are also legal but, like alcohol, can have serious negative consequences when abused or when used in an improper setting, such as when driving or operating heavy machinery. Many employers, such as the one here, acknowledge in their work rules the fact that a reasonable consumption of alcohol during working hours may be acceptable under narrow circumstances.[7] It is precisely because the

---

**7.** Employer's narrow exception for possessing alcohol on company premises is as follows:

A limited exception exists for approved events. The person or group sponsoring the event is responsible for determining the availability of alcoholic beverages and monitoring individual consumption and behavior. They are also responsible for taking

action when an individual's consumption and/or behavior is inappropriate. (*i.e.*, 25 year club, customer dinner, quality conference, etc.) Additionally, it is the responsibility of each individual while consuming alcoholic beverages at such activities to use good judgment and to behave in such a way that does not compromise the safety of

risks associated with substance abuse vary widely, depending on the nature of the industry and the job duties involved, that Section 402(e.1) comes into play only where the employer has specifically set out a substance abuse policy. Accordingly, we conclude that the legislature intended to include alcohol in Section 402(e.1) as one of the common subjects of a substance abuse policy.

Having determined that Claimant's discharge should have been analyzed under Section 402(e.1) and that the provision includes alcohol, we turn to determining whether Employer met its burden to establish its substance abuse policy and that Claimant violated it. *Greer v. Unemployment Comp. Bd. of Review*, 4 A.3d 733, 736 (Pa.Cmwlth.2010). The record supports the Board's finding that Employer had an established substance abuse policy and that, pursuant thereto, Claimant was operating under a last-chance agreement.[8] Specifically at issue, therefore, is whether Employer proved that Claimant violated that policy. We conclude that Employer met its burden.

First, the internet claim form containing Claimant's admissions regarding the alcohol test was accepted into evidence. December 1, 2011 Hearing, Referee's Exhibit 6. Although Claimant's attorney made a hearsay objection to that exhibit, the form was completed and accepted pursuant to the agency's standard process, and initiated the claim for benefits. In addition, Claimant has never suggested that the statements contained therein were not his own. In pertinent part, the form provides as follows:

13. Please indicate the reason you were given for being discharged or suspend-

ed. *P–Failed to pass a drug/alcohol test.*

If you failed to either submit to a drug/alcohol test or failed to pass a drug/alcohol test, on what date did the failure occur? *9/27/2011.*

14. Did the test detect the presence of drugs/alcohol? *Y*

If Yes, please list the substance(s) detected by the test. *Alcohol*

Please explain the reasons for the results. *Unknown*

15. Did the employer have an established substance abuse policy? *Y*

If Yes, did you violate the substance abuse policy? *N*

Did a violation of the policy require a suspension or discharge? *U*

What was the policy violated? *Alcohol*

*Id.*

 Second, after submitting to testing, Claimant signed Employer's BAC testing form thereby admitting that he tested positive for alcohol and that the results were accurately recorded on the form. Specifically, an employee is to complete step four of that form if the test result is positive. By completing step four and signing in a particular box, the form indicates that the employee "certif[ies] that I have submitted to the alcohol test, the results of which are accurately recorded on the form. I understand that I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are positive." *Id.*, Employer's Exhibit E–4. Again, even though counsel for Claimant made a hearsay objection, Claimant admitted that he signed the form thereby evidencing his acknowledgement that the test results

---

themselves, coworkers, the general public, or the reputation of the Company.
December 1, 2011 Hearing, Employer's Exhibit E–1 at 20.

8. Claimant acknowledged at the first hearing that he was aware of Employer's substance abuse policy. *Id.*, Notes of Testimony (N.T.) at 5.

were positive and accurately recorded on the form. *Id.,* N.T. at 9. Accordingly, Claimant's admissions here via the internet claim form and the BAC testing form abrogate his counsel's hearsay objections. The admission of a party opponent is admissible as an exception to the hearsay rule. Pa.R.E. 803(25). *See also Sargent v. Unemployment Comp. Bd. of Review,* 157 Pa.Cmwlth. 534, 538, 630 A.2d 534, 536 (1993) (claimant's statements in initial interview form are admissible because he is the one making the admissions and, therefore, the evidence constitutes a party admission).

 Even if we were to analyze the case, as did the Board, under Section 402(e), the result would be the same. As noted above, Claimant's own admissions established that he failed the test mandated by Employer's substance abuse policy, thus proving the violation of a work rule. Once a work-rule violation is shown, the burden shifts to the claimant to show that it is unreasonable or that good cause existed for the violation. *Docherty v. Unemployment Comp. Bd. of Review,* 898 A.2d 1205, 1208 (Pa.Cmwlth.2006). Therefore, it was Claimant, not Employer that was given a second chance to meet his burden when the Board remanded for a determination of that issue.

Finally, Claimant's challenge to the admission of hearsay concerning Employer's corporate doctor's justification of the policy, even if correct, is of no moment. The Board did not rely upon this testimony, nor even reference it in its decision. Rather, it stated:

> Because the claimant knew the employer's policy and violated it, the burden shifts to the claimant to show that he had good cause to violate the policy or that the policy was unreasonable. The claimant presented no testimony that he had good cause for violating the policy

or that the policy was unreasonable, so he failed to meet that burden. Conversely, the employer established that the claimant's job required him to engage in dangerous activities, including driving a forklift, operating power tools, and welding, which would necessitate a BAC threshold as low as 0.02%.

Board's Decision at 2. The burden was on Claimant and he has not even offered any theory, let alone evidence, upon which one could conclude that the work rule was not reasonable. Indeed, given the nature of the industry and Claimant's job duties, we agree with the Board that the valid basis for the rule would appear self-evident, and Claimant has not even attempted to meet his burden of showing otherwise.

Accordingly, we affirm the Board's order denying Claimant unemployment compensation benefits.

### ORDER

AND NOW, this 18th day of June, 2013, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

CONCURRING AND DISSENTING OPINION BY Senior Judge FRIEDMAN.

I respectfully concur in part and dissent in part. While I agree with the majority's decision to affirm the order of the Unemployment Compensation Board of Review (Board) denying Matthew J. Dillon (Claimant) unemployment benefits, I disagree with the majority's conclusion that Claimant is ineligible for benefits under section 402(e.1) of the Unemployment Compensation Law (Law). Because I believe that the Board correctly determined that Claimant is ineligible for benefits under section 402(e) of the Law, I would affirm on that basis.

Section 402(e.1) of the Law provides that a claimant is ineligible for benefits if he or she is discharged for failing "to submit and/or pass a *drug test* conducted pursuant to an employer's established substance abuse policy, provided that the *drug test* is not requested or implemented in violation of the law or of a collective bargaining agreement." 43 P.S. § 802(e.1) (emphases added). The majority finds this provision ambiguous and then attempts to ascertain the legislature's intent by considering various statutory construction factors. The majority ultimately concludes that the phrase "drug test" in section 402(e.1) necessarily encompasses alcohol testing. I cannot agree.

Unlike the majority, I do not believe that section 402(e.1) of the Law is ambiguous. The plain language of section 402(e.1) states that it applies to an employee's failure to submit to or pass a "drug test" if the "drug test" does not violate the law or a collective bargaining agreement. 43 P.S. § 802(e.1). Critically, section 402(e.1) does not mention alcohol, nor is alcohol testing synonymous with drug testing. It is well settled that "the best indication of legislative intent is the plain language of the statute." *Koken v. Reliance Insurance Company*, 586 Pa. 269, 287, 893 A.2d 70, 81 (2006). Thus, "when the words of a statute are clear and unambiguous, they are 'not to be disregarded under the pretext of pursuing its spirit.'" *Id.* (quoting Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b)). If the legislature had intended to include alcohol testing in section 402(e.1), it would have used different wording, such as "drug and/or alcohol test," instead of "drug test." I believe that by specifying "drug test" twice in section 402(e.1) of the Law, the General Assembly meant exactly that.[1]

Moreover, unlike section 402(e), section 402(e.1) does not permit the claimant to prove the unreasonableness of the employer's policy or that he or she had good cause for the violation. As the Board points out, an employer may reasonably expect its employees to be free of any level of illicit drugs, whereas certain employees may, in some circumstances, legally and safely consume alcohol on the job, *e.g.*, at a company-sponsored party or at a lunch meeting with a client. For all of these reasons, I agree with the Board that alcohol testing is outside the purview of section 402(e.1) of the Law.[2]

With regard to section 402(e) of the Law, Appleton Papers' (Employer) substance abuse policy prohibits employees from having a blood-alcohol level of 0.02% or higher on the job. (N.T., 12/1/11, Ex. E–1, at 18, 26.) As the majority correctly notes, Claimant admitted that he was aware of Employer's policy and that he had a blood-alcohol level higher than

---

1. It is noteworthy that the General Assembly has distinguished between drugs and alcohol in other legislation, including The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101 to 780–144, and the driving under the influence provisions of the Vehicle Code, 75 Pa.C.S. §§ 3801–3817. While these statutes are inapplicable here, I believe they demonstrate the legislature's awareness that drugs and alcohol are distinct and its intent to treat the two substances differently. *See, e.g.*, Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802 (setting forth specific prohibitions against driving after consuming "alcohol" and "drugs" or "controlled substances").

2. I recognize that in *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841 (Pa.Cmwlth.2005), this court applied section 402(e.1) of the Law to a claimant's violation of his employer's alcohol policy. However, the *Brannigan* court was not faced with the legal question presented here because neither the referee nor the Board determined the claimant's eligibility under section 402(e) of the Law.

0.02%, thereby establishing a work-rule violation. On remand, Claimant failed to prove that Employer's alcohol policy was unreasonable or that he had good cause for violating it. Therefore, Claimant committed willful misconduct under section 402(e) of the Law.

Accordingly, because I conclude that the Board properly denied Claimant benefits under section 402(e) of the Law, I would affirm on that basis.