# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeannette Blakely, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 246 C.D. 2018 |
| Respondent | : | Submitted: November 15, 2018 |


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge (P.)
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: December 4, 2018


Jeannette Blakely (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) January 23, 2018 order affirming the Referee's decision denying Claimant UC benefits under Section 402(e) of the UC Law (Law).[1]  Essentially, Claimant presents one issue for this Court's review: whether the UCBR erred by concluding that Claimant committed willful misconduct.  After review, we affirm.

Claimant was employed by Brookdale Senior Living (Employer) as a full-time Certified Nursing Assistant (CNA) from March 21, 2013 through May 7, 2017.  On June 27, 2013, Claimant signed Employer's Associate Handbook Receipt and Acknowledgement form (Acknowledgement) which stated that "[r]efusing to obey the direct reasonable request of a supervisor, or showing disrespect to [a] supervisor" constitutes an example of inappropriate misconduct.  Reproduced Record

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

(R.R.) at 69A; *see also* R.R. at 68A.[2]  The Acknowledgement further stated that commission of inappropriate misconduct "will subject [Claimant] to corrective action, up to and including termination of employment."  R.R. at 69A.

On December 15, 2016, Employer issued Claimant a "Final Reminder" regarding her work performance,[3] consistent with Employer's policy of progressive discipline.  R.R. at 62A.  The Final Reminder stated that "[f]urther violations such as this or any other performance issues related to [Claimant's] job description or [Employer's] policy/procedure, may result in further corrective action up to an[d] including termination of [her] employment."  R.R. at 63A.  Claimant signed the Final Reminder, acknowledging her receipt of the Final Reminder and discussion thereof with a supervisor.  *See* R.R. at 63A.

On May 4, 2017, Claimant's supervisor instructed Claimant to pack up a patient's belongings for an early morning discharge.  *See* R.R. at 65A.  Claimant did not follow her supervisor's instructions and failed to notify her supervisor that she would not comply.  Employer discharged Claimant for continued insubordination. *See* R.R. at 48A-49A.

Claimant applied for UC benefits.  On June 29, 2017, the Scranton UC Service Center (UC Service Center) determined that Claimant was eligible for UC benefits pursuant to Section 402(e) of the Law.  Employer appealed, and a Referee hearing was held on August 28, 2017, at which Claimant appeared pro se.  On September 13, 2017, the Referee reversed the UC Service Center's determination. Claimant appealed to the UCBR.  On January 23, 2018, the UCBR adopted and

---

[2] Claimant used capital "A" rather than use lower case "a" for her R.R. references, as Pennsylvania Rule of Appellate Procedure 2132(a) prescribes.  For consistency, this Court will do likewise herein.

[3] Claimant received the Final Reminder based on prior insubordination.

incorporated the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[4]

Initially,

Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; **or** (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.[5]

*Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added)).

Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011)). Good cause exists if a claimant's "actions are justifiable and reasonable under the circumstances." *Sipps*, 181 A.3d at 482

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).
Claimant is represented by counsel on appeal.
[5] Employer need only prove one type of misconduct. *Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479 (Pa. Cmwlth. 2018).

(quoting *Grand Sport Auto Body v. Unemployment Comp. Bd. of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012)).

Here, Claimant does not dispute that Employer had a progressive discipline policy relative to insubordination, that she was aware of it, or that it was reasonable.[6] Rather, Claimant contends that Employer did not meet its burden of proving that she committed willful misconduct by violating Employer's rule.

At the Referee hearing, Employer's Human Resources Director Ross Small (Small) testified that Claimant was discharged for insubordination "[f]or refusing a reasonable request from her Shift Supervisor." R.R. at 48A. He explained that Claimant received corrective action on December 15, 2016 for prior insubordination, received the Final Reminder, and acknowledged that her employment could be terminated for future insubordination. *See* R.R. at 48A, 50A-51A, 62A-63A. Employer offered the Final Reminder into evidence. Although Claimant disagreed with Small's accompanying representations, she did not object to the Final Reminder being admitted into the record. *See* R.R. at 52A. Small explained that Employer's decision to discharge Claimant occurred after two incidents of insubordination which happened on May 4, 2017. *See* R.R. at 49A. Small acknowledged that Claimant could have been discharged for either one of the May 4, 2017 incidents. *See* R.R. at 59A.

Employer's Registered Nurse Supervisor Josephine Serrano (Serrano) testified for Employer that, on May 4, 2017, she instructed Claimant to pack up a male patient's belongings because he was being discharged early the next morning.

---

[6] Employer offered the relevant portions of its Associate Handbook and Claimant's Acknowledgement into the record, and they were admitted without objection. *See* R.R. at 51A-52A.

4

She described:

> I asked [Claimant] to do it and she wouldn't [inaudible] refused. 'I refuse to do that. I'm not going to do it this time [inaudible][.] I explained to her that she didn't have to do [it] right at this time. She could do later -- do it later on in the morning and she still did not perform the task.

R.R. at 53A. Serrano further recalled ordering Claimant to put a female patient back to bed, but "[Claimant] said . . . I refuse to put her back to bed only to get her up again because she gets up multiple times." R.R. at 54A. Serrano represented that those tasks were reasonable and part of Claimant's job duties. *See* R.R. at 54A.

Although Claimant disagreed with Employer's version of the May 4, 2017 events, she did not dispute that she failed to perform Serrano's directives as and when ordered. *See* R.R. at 52A, 54A, 57A. She claimed that she told Serrano why she did not do either task. *See* R.R. at 56A-57A. In addition, despite Claimant's admission that she attended a prior meeting about her work, and that her signature appears on the Final Reminder, she asserts she did not receive a final warning. *See* R.R. at 58A-60A.

> This Court has explained:

> [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Sipps*, 181 A.3d at 484 (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Further,

> [s]ubstantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding

5

whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

Here, based upon the record evidence, the Referee found:

[T]he parties offered d[if]fering testimonies at the hearing, but the Referee has settled the differences in relevant part in favor of [Employer]. The Referee finds that [Claimant] had ongoing issues of insubordination[.] . . . Though [Claimant] argued that she failed to carry out her supervisor's instruction because the patient was asleep, the Referee does not find any evidence in the record that [Claimant] notified her supervisor of her reasons for not complying with her instructions. The Referee finds that [Employer] issued a reasonable directive, but [Claimant's] response was unreasonable.

R.R. at 74A. Accordingly, the Referee concluded: "[E]mployer met its burden of proving willful misconduct in connection with [Claimant's] employment[.]" R.R. at 74A.

In adopting the Referee's findings, the UCBR stated:

[Employer] advanced multiple reasons for discharging [Claimant]. Pennsylvania Courts have held that where an employer advances several reasons which caused the claimant's discharge, the employer only bears the burden to establish that a single incident was disqualifying as willful misconduct. *Anderson v.* [*Unemployment Comp. Bd. of Review*], 485 A.2d 900 (Pa. Cmwlth. 1985).

As [Employer] established an incident of willful misconduct in connection with [Claimant's] discharge, the [UCBR] finds the assertion that [Claimant] failed to put a resident to bed irrelevant. [Employer] instructed [Claimant] to follow a reasonable directive: to pack up a patient's belongings, and [Claimant] did not. The [UCBR] credits [Employer's] witness that [Claimant] refused to complete

6

the task of packing up a patient's belongings. [Claimant] had a prior warning regarding failing to follow [Employer's] directive.[7]

R.R. at 88A. Accordingly, the UCBR concluded: "[E]mployer established [its] case of showing willful misconduct." R.R. at 88A.

---

[7] Claimant's counsel argues for the first time in Claimant's brief to this Court that Claimant's December 15, 2016 Final Reminder was inadmissible hearsay that neither the Referee nor the UCBR should have considered. "The failure of Claimant to raise the issue with the [UCBR] impairs our ability to review the [UCBR]'s decision with respect to that issue. Consequently, the issue was waived." *Crabbe v. Unemployment Comp. Bd. of Review*, 179 A.3d 1183, 1189 (Pa. Cmwlth. 2018).

Notwithstanding, Claimant did not object to the admission of the Final Reminder at the Referee hearing. The law is well settled that "an unobjected to hearsay statement will be given its probative effect and may support a finding of fact if corroborated by any competent evidence in the record." *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1164 (Pa. Cmwlth. 2012). Here, Small's description of the Final Reminder was "sufficiently corroborated by Claimant's admission[]" that she was previously warned regarding insubordination and she acknowledged that further insubordinate conduct could result in her discharge. *Id.* at 1165. Under the circumstances, Claimant's admissions abrogated any hearsay objections she now asserts. *See Dillon v. Unemployment Comp. Bd. of Review*, 68 A.3d 1054 (Pa. Cmwlth. 2013) (The claimant's counsel's hearsay objection was abrogated by the claimant's admission that he signed a form acknowledging test results were positive and accurately recorded.).

Notably, Claimant's counsel makes several references in Claimant's brief that Claimant was pro se at the Referee hearing and declares: "Given her pro se status, [Claimant] should not be prejudiced by the submission of documents and testimony that would otherwise be inadmissible." Claimant Br. at 5. However, well-established precedent provides that

> [a]lthough the law requires that a referee must act reasonably in assisting a pro se claimant to develop facts necessary for the referee to render a decision, *see Hackler v. Unemployment Comp. Bd. of Review*, 24 A.3d 1112 (Pa. Cmwlth. 2011), 'the referee is not required to become and should not assume the role of a claimant's advocate.' *McFadden v. Unemployment Comp. Bd. of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). This Court has ruled that '[t]he referee need not advise an uncounseled claimant on specific evidentiary questions or points of law, nor need the referee show any greater deference to an uncounseled claimant than that afforded a claimant with an attorney.' *Brennan v. Unemployment Comp. Bd. of Review*, . . . 487 A.2d 73, 77 ([Pa. Cmwlth.] 1985) (citation omitted).

*Sipps*, 181 A.3d at 483.

After Employer met its burden of proving Claimant's willful misconduct, the burden shifted to Claimant to show that she had good cause for her insubordination. However, the UCBR, as factfinder, "[did] not credit [Claimant's] testimony that she informed [Employer] of any reason why she did not follow the directives on May 4, 2017. Therefore, [Claimant] did not establish good cause for her willful misconduct." R.R. at 88A. Because the record evidence supports the UCBR's findings that Claimant did not meet her burden of showing good cause for violating Employer's rule, they are conclusive and binding upon this Court. Accordingly, the UCBR properly determined that Claimant is ineligible for benefits under Section 402(e) of the Law.

For all of the foregoing reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeannette Blakely,                        :
                        Petitioner        :
                                          :
            v.                            :
                                          :
Unemployment Compensation                 :
Board of Review,                          :    No. 246 C.D. 2018
                        Respondent        :

## O R D E R

AND NOW, this 4th day of December, 2018, the Unemployment Compensation Board of Review's January 23, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge