IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elissa M. Mays,                          :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :       No. 433 C.D. 2018
                        Respondent       :       Submitted: August 31, 2018


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: December 27, 2018


            Elissa M. Mays (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) February 22, 2018
order affirming the Referee's November 14, 2017 decision denying Claimant UC
benefits under Section 402(e) of the UC Law (Law).[1]  The sole issue before this
Court is whether the UCBR erred by concluding that Claimant committed willful
misconduct.  After review, we affirm.

            Claimant was employed by Laboratory Corporation of America
(Employer) as a full-time phlebotomy lead from September 4, 1990 until September
21, 2017.  Claimant was aware of Employer's policy regarding the Health Insurance
Portability and Accountability Act of 1996 (HIPAA)[2] and received updated training
each year as part of her employment.  *See* Certified Record (C.R.) Item 11, Referee's

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e) (referring to willful misconduct).
[2] Pub. L. 104-191, 110 Stat. 1936 42 U.S.C. § 300gg, § 1320d, and 29 U.S.C. §§ 1181–1183
(relating to protection of patients' right to have their health information kept private and secure).

Decision (C.R. Item 11) at 10-11; *see also* C.R. Item 10, Notes of Testimony, November 9, 2017 (C.R. Item 10) at 7. During the training, Claimant was also told that HIPAA violations constitute terminable offenses. *See* C.R. Item 10 at 7.

On September 1, 2017, Claimant entered the waiting room of Employer's facility and asked if any patients were there for drug testing. On September 7, 2017, Employer received a patient complaint (Complaint) alleging, *inter alia*, that Claimant had inappropriately asked patients in the waiting room for the nature of their business at the facility, and that Claimant had spoken loudly to a new hire behind a closed door where the patient could hear their conversation regarding personal medical information of another patient.[3] Claimant met with her supervisor, Randy Sowers (Sowers), on September 13, 2017 to discuss the Complaint. *See* C.R. Item 10 at 6. Claimant explained that since Employer's facility only had one restroom available for administering drug tests, Claimant sought to decrease waiting times for the thirteen patients who had already signed in by asking them the nature of their business and then directing them to the appropriate room based on whether they would need to use the restroom. *See* C.R. Item 10 at 11. Employer discharged Claimant for violating HIPAA.

Claimant applied for UC benefits. On October 13, 2017, the Erie UC Service Center (UC Service Center) determined that Claimant was ineligible for UC benefits pursuant to Section 402(e) of the Law. Claimant appealed and a Referee hearing was held where Claimant was represented by counsel. On November 14, 2017, the Referee affirmed the UC Service Center's Determination. Claimant appealed to the UCBR. On February 22, 2018, the UCBR adopted and incorporated

---

[3] The Referee determined that Claimant speaking to the new hire behind the door was insufficient to constitute a HIPAA violation since Claimant had done all she could, given the constraints of the facility, to make the conversation private. *See* C.R. Item 11 at 3. Neither party contests this ruling, thus it will not be addressed herein.

the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[4]

> Initially,
>
> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; **or** (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.[5]

*Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added)).

> Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted). Good cause exists if a claimant's "actions are justifiable and reasonable under the circumstances." *Sipps*, 181 A.3d at 482 (quoting *Grand Sport*

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

[5] Employer need only prove one type of misconduct. *Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479 (Pa. Cmwlth. 2018).

*Auto Body v. Unemployment Comp. Bd. of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012)).

Claimant argues that there was insufficient evidence to support the UCBR's conclusion that Claimant violated HIPAA. This Court disagrees.

The Court has explained:

> [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Sipps*, 181 A.3d at 484 (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Further,

> [s]ubstantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

Here, Sowers testified that Claimant asked a waiting room full of patients "what they were there for[.]" C.R. Item 10 at 6. Sowers explained that Claimant specifically asked a "patient if they were there for a drug screen which is a HIPAA violation." C.R. Item 10 at 6. Further, when Sowers asked Claimant whether she had engaged in the alleged conduct, she admitted she had. *See* C.R. Item 10 at 7. Further, Claimant testified that she participated in HIPAA training annually and that she was "aware of the HIPAA laws and the sensitivity surrounding them." C.R. Item

11 at 10. She also described that a HIPAA violation is a terminable offense, and that her actions violated HIPAA:

> ET [Employer's Representative] And, in your discussion on [September 13, 2017] with [] Sowers you did acknowledge that you went out into the waiting room and asked if an individual[] . . . w[as] there for a drug test[,] correct?
>
> C[laimant] Yes.
>
> ET And, you would agree [that] doing so[] . . . violates HIPAA[,] correct?
>
> C Yes.

C.R. Item 11 at 11.

> Based upon the record evidence, the Referee found:
>
> [] by the [Claimant]'s own admission, she had gone into the patient waiting room, and had asked patients if they were there for drug testing, which does force the disclosure of confidential medical information out to the public. While [C]laimant may have had the purest intentions of trying to make the flow of the office be more efficient, [C]laimant had been employed as a [p]hlebotomist long enough[] to be promoted to [l]ead, and to be well aware of the HIP[A]A Law and how it could be violated.

C.R. Item 11. Accordingly, the Referee concluded that: "[C]laimant did violate [E]mployer's policy based on the HIP[A]A Law by disclosing confidential medical information, and benefits must be denied under Section 402(e) of the Law." C.R. Item 11.

> In adopting the Referee's findings, the UCBR stated:
>
> [C]laimant argues in her appeal that she was 'caught off guard' at the hearing when she was asked whether she had admitted to asking a patient in the waiting room if the patient was there for a drug test and she testified that she had done so. [C]laimant now asserts that she never asked a patient if the patient was there for a drug test. The [UCBR] credits the testimony of [E]mployer's witness that

> [C]laimant did admit to asking the patient if the patient was there for a drug test and credits [C]laimant's testimony at the hearing that she made such an admission and made the statement about the drug test.[6]

---

[6] Claimant argues again before this Court that she never asked a patient if the patient was there for drug test. Specifically, Claimant asserts that: "[i]n 27 years [she] never asked a patient 'what are you here for?' [and she] would always wait [until] the door was closed." Claimant Br. at 7.

As discussed above, the UCBR is the ultimate fact-finder in UC proceedings, and its findings which are supported by substantial evidence are conclusive on appeal. *See Sipps*. The UCBR found Claimant's admission that she asked patients in the waiting room the nature of their business at the facility credible and determinative. There is ample record evidence to support the UCBR's findings; therefore, its determination is proper.

Moreover, Claimant contends for the first time on appeal that the Complaint was hearsay which neither the Referee nor the UCBR should have considered. *See* Claimant Br. at 7. Claimant's attorney did not object to Employer's witness discussing the Complaint at the Referee hearing. Claimant needed to raise the hearsay issue before the Referee or the UCBR; since she did not, it is waived. *Crabbe v. Unemployment Comp. Bd. of Review*, 179 A.3d 1183, 1189 (Pa. Cmwlth. 2018) ("The failure of Claimant to raise the issue with the [UCBR] impairs our ability to review the [UCBR]'s decision with respect to that issue. Consequently, the issue was waived.").

We also note that the Referee, in her decision, specifically drew attention to the fact that the Complaint constituted hearsay:

> It is well settled under Pennsylvania Law that[] '[h]earsay evidence, properly objected to, is not competent evidence to support a finding of the [UCBR]. Hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the [UCBR] if it is corroborated by any competent evidence in the record, but a finding of fact based *solely* on hearsay will not stand.'

> In the instant case, [Claimant] disputed [Employer's] reporting that a customer had complained about her being in a conversation and talking loudly[] behind a closed door[] about a patient's medical condition. The Referee finds that not only [i]s the [Complaint] considered to be hearsay, as the incident had not been witnessed by [Employer], the Referee finds that even if the patient was somehow able to hear [Claimant] having a conversation behind a closed door, the Referee does not find that [Claimant] had intended to violate the rule and had taken every precaution to keep the conversation private. However, by [Claimant's] own admission, she had gone into the waiting room, and had asked patients if they were there for drug testing, which does force the disclosure of confidential medical information out to the public.

C.R. Item 14, UCBR's order, February 22, 2018.

Accordingly, the UCBR properly determined that Claimant is ineligible for benefits under Section 402(e) of the Law.

For all of the foregoing reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

C.R. Item 11 at 2-3 (citation omitted).

The Referee correctly stated that "an unobjected to hearsay statement will be given its probative effect and may support a finding of fact if corroborated by any competent evidence in the record." *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1164 (Pa. Cmwlth. 2012). Here, both Employer's witness and Claimant herself credibly testified that Claimant admitted to entering the patient waiting room and asking for the nature of patients' business in violation of HIPAA. Under the circumstances, Claimant's admissions abrogate any hearsay objection she now raises. *See Dillon v. Unemployment Comp. Bd. of Review*, 68 A.3d 1054 (Pa. Cmwlth. 2013) (The claimant's counsel's hearsay objection was abrogated by the claimant's admission that he signed a form acknowledging test results were positive and accurately recorded.).

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elissa M. Mays,                :
           Petitioner    :
                         :
        v.                 :
                         :
Unemployment Compensation    :
Board of Review,            :    No. 433 C.D. 2018
           Respondent    :

## O R D E R

AND NOW, this 27th day of December, 2018, the Unemployment Compensation Board of Review's February 22, 2018 order is affirmed.

_____

ANNE E. COVEY, Judge