# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matt Sipps,                                      :
                          Petitioner             :
                                                 :
              v.                                 :
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :    No. 564 C.D. 2017
                          Respondent             :    Submitted: March 8, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY                                       FILED: March 26, 2018


        Matt Sipps (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) April 4, 2017 order affirming the Referee's decision, as modified, denying Claimant UC benefits under Section 402(e) of the UC Law (Law).[1]  Essentially, Claimant presents one issue for this Court's review: whether the UCBR erred by concluding that Claimant committed willful misconduct.[2]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).
        The modification was due to the Referee's erroneous citation to Section 402(b) of the Law. On appeal, the UCBR corrected the Referee's order "to reflect [Claimant's] ineligibility under Section 402(e) of the Law."  UCBR Dec. at 1.
        [2] Claimant's Statement of the Questions Involved contains seven questions, all of which are subsumed in the stated issue and discussed herein.  Specifically, Claimant argues that the UCBR erred by: (1) failing to liberally construe the Law; and, by determining that (2) Claimant did not immediately report his arrest; (3) Claimant's delay impeded G4S Secure Solutions' (Employer) legitimate business interests; (4) Employer's rule was necessary to its legitimate interests; (5) Claimant engaged in conscious wrongdoing; (6) Claimant violated Employer's reporting policy; and, (7) Employer was prejudiced by Claimant's report timing.  *See* Claimant Br. at 1-3.

Claimant was employed by G4S Security Solutions (Employer) as a full-time security officer from January 9, 2012 through December 4, 2016. Employer provides 24-hour security for State Farm. *See* Certified Record (C.R.) Item 10, Notes of Testimony, February 17, 2017 (N.T.) Ex. 13 at 10. On January 13, 2012, Claimant acknowledged Employer's Security Officer Handbook policy that "[g]rounds for [i]mmediate [d]ismissal" include "[f]ailure to report immediately an arrest . . . to your supervisor." N.T. Ex. 13 at 2; *see also* N.T. Exs. 10, 14-17.

On December 5, 2016, Claimant was arrested on criminal charges and held in Delaware County prison until he was released at approximately 10:00 p.m. that day. On December 6, 2016, Employer learned from a news report that Claimant had been arrested. At approximately 7:30 p.m. that same day, Claimant notified Employer of his arrest. Employer discharged Claimant for violating its arrest reporting policy.

Claimant applied for UC benefits. On January 19, 2017, the Erie UC Service Center determined that Claimant was not eligible for UC benefits pursuant to Section 402(e) of the Law. Claimant appealed and a Referee hearing was held on February 17, 2017, at which Claimant appeared pro se. On February 22, 2017, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On April 4, 2017, the UCBR adopted and incorporated the Referee's findings and conclusions, as modified, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

Initially,

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

Claimant is represented by counsel on appeal.

Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; **or** (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.[4]

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added).

Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted). "A claimant has good cause if his . . . actions are justifiable and reasonable under the circumstances." *Grand Sport Auto Body v. Unemployment Comp. Bd. of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (quoting *Docherty v. Unemployment Comp. Bd. of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006)). Ultimately, "[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Scott v. Unemployment Comp. Bd. of Review*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014).

---

[4] Claimant's arguments notwithstanding, Employer need only prove one of the types of misconduct, and there is no requirement that Employer prove prejudice, disruption of its legitimate business interests, or that Claimant's off-duty conduct would impact his employment. Moreover, Claimant's failure to immediately report his arrest constituted willful misconduct, not his arrest or the basis thereof.

In the instant matter, Claimant does not dispute that Employer had a policy relative to immediately reporting an arrest, that he was aware of it, or that it was reasonable. It is also uncontested that Claimant notified Employer of his arrest on the evening of December 6, 2016. Thus, at issue here is whether, under these specific facts, Claimant "immediately" reported his arrest to Employer as required by Employer's policy and, if not, whether Claimant had good cause for failing to do so.

At the hearing, Employer's human resources representative Leslie Frescatore (Frescatore) testified that Claimant's employment was terminated because he failed to immediately report his December 5, 2016 arrest. She recounted that Employer became aware of Claimant's arrest on December 6, 2016 based on news reports.[5] *See* N.T. at 6. Frescatore explained that Claimant or anyone on his behalf could have reported Claimant's arrest directly to his supervisor, to Employer's local office during business hours, or to Employer's corporate office in Florida that would have answered the phone after hours and emailed the local office.[6] *See* N.T. at 7.

Claimant testified that he worked on December 4, 2016, and was not scheduled to work again until Wednesday evening, December 8, 2016.[7] He recounted that he was incarcerated for approximately eight hours following his December 5,

---

[5] The record is not clear about precisely when on December 6, 2016 Employer became aware of the news story. In an attempt to establish timing, Claimant attaches to his brief for this Court's consideration a screen shot of an ABC news report about Claimant's arrest. However, "[t]his Court may not consider any evidence that is not part of the certified record on appeal." *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). Because the screen shot was not part of the record before the UCBR, we will not consider it.

[6] Frescatore expounded that if Claimant had notified the person to whom he placed his one permissible telephone call (*i.e.*, family, friend or counsel) to inform Employer about the arrest, and the individual did so, "[Claimant] would have been put on administrative leave . . . [p]ending the outcome of the investigation." N.T. at 5.

[7] "[W]e may take judicial notice of the day upon which a date falls[.]" *Mentz v. Unemployment Comp. Bd. of Review*, 370 A.2d 1232, 1233 (Pa. Cmwlth. 1977). According to the 2016 calendar, December 7, 2016 was a Wednesday.

2016 arrest, and was released at approximately 10:00 p.m. after he posted bail.[8, 9]  *See* N.T. at 8, 11.  Claimant testified he was aware of Employer's policy, *see* N.T. at 10, but asserted he could not report his arrest to Employer on December 5th because he did not have a cell phone or access to a telephone during the time he was incarcerated.  *See* N.T. at 8, 10.  He admitted that he had access to a telephone and used a computer after his December 5th release, and acknowledged that calling Employer would take only five minutes.  *See* N.T. at 11.  Claimant reported that he nevertheless notified Employer of his arrest on December 6th between 7:00 p.m. and 8:00 p.m.  *See* N.T. at 9.

---

[8] Claimant stated in his brief that he was "detained for approximately 12 hours (from approximately 10[:00 a.m.] until approximately 10[:00 p.m.])"  Claimant Br. at 16.

[9] On appeal, Claimant objects to the Referee's admission of the police report into the record. However, at the hearing, Claimant expressly told the Referee that he had no objection to its admission.  *See* N.T. at 3.  Before this Court, Claimant argues that the Referee "should have elected to *sua sponte* exclude[] . . . [it] . . . from the record to ensure fairness to [C]laimant."  Claimant Br. at 15.  Although the law requires that a referee must act reasonably in assisting a pro se claimant to develop facts necessary for the referee to render a decision, *see Hackler v. Unemployment Comp. Bd. of Review*, 24 A.3d 1112 (Pa. Cmwlth. 2011), "the referee is not required to become and should not assume the role of a claimant's advocate."  *McFadden v. Unemployment Comp. Bd. of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002).  This Court has ruled that "[t]he referee need not advise an uncounseled claimant on specific evidentiary questions or points of law, nor need the referee show any greater deference to an uncounseled claimant than that afforded a claimant with an attorney."  *Brennan v. Unemployment Comp. Bd. of Review*, 487 A.2d 73, 77 (Pa. Cmwlth. 1985) (citation omitted).

We acknowledge that "[h]earsay evidence, [a]dmitted without objection, will be given its natural probative effect and may support a finding of the [UCBR], [i]f it is corroborated by any competent evidence in the record[.]"  *Walker v. Unemployment Comp. Bd. of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976).  Moreover, under Pennsylvania Rule of Evidence 803(25), a party's out-of-court admission is an exception to the hearsay exclusion.  This Court has long held "that words of a party constitute an admission and therefore may always be used against him."  *Evans v. Unemployment Comp. Bd. of Review,* 484 A.2d 822, 826-27 (Pa. Cmwlth. 1984).  This exception is based upon the fact that, unlike hearsay, a party's admission is personal first-hand knowledge, and it may support a referee's finding of fact.  *Braun v. Unemployment Comp. Bd. of Review*, 506 A.2d 1020 (Pa. Cmwlth. 1986).

In this case, although the Referee admitted the police report, it does not appear that the Referee relied upon Claimant's arrest record in reaching his decision.  Rather, the Referee and the UCBR based their determination upon Claimant's representations regarding his arrest details.

Claimant explained that he did not call his supervisor on the morning of December 6th because he was not scheduled to work until Wednesday and, in the meantime, he prioritized what he had to accomplish to comply with the judge's orders, such as filing paperwork and finding a lawyer. *See* N.T. at 9-11. When asked why he did not contact his supervisor after his 10:00 p.m. release on December 5th, Claimant maintained:

> C Well, sometimes he's hard to get a hold of. He doesn't answer right away, and especially at nighttime. I was being more considerate and concerned with him, because he has a wife that's basically indigent [sic] right now, and he's . . .
>
> R So…
>
> C …taking care of…
>
> R …why didn't you send a text message or something?
>
> C It doesn't go through because he lives in an area where he doesn't get cell reception, and it's -- other officers know about that, so . . .
>
> R All right. [Inaudible] following day, in the morning . . .
>
> C Correct. I did it within 24 hours.

N.T. at 11-12. Claimant contends that he complied with Employer's policy, since his understanding of "immediately" is "as soon as possible," and "reporting [his arrest] within 24 hours [of his release wa]s considered immediately." N.T. at 10; *see also* C.R. Item 12 at 3.

Based upon the evidence, the Referee made the following relevant findings, which "represent[ed] the competent evidence and [the Referee's] credibility determinations[:]" Referee Dec. at 2.

> 3. [Claimant] was or should have been aware of [Employer's] policy regarding reporting arrest[s] immediately as they occur.

6

4. On December 6, 2016, [Employer] received a report in the local news that [Claimant] was incarcerated.

5. [Employer] discharged [Claimant] for violating its policy regarding reporting incarceration.

Referee Dec. at 1-2.

The law is well-established:

> [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). This Court has explained:

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

Here, the UCBR clarified:

> Finding of [F]act 4 is amended to state, '[Claimant] was arrested on the morning of December 5, 2016.' Additionally, the [UCBR] finds that [Claimant] was released from incarceration at 10:00 p.m. on December 5, 2016, and [Claimant] waited until approximately 7:30 p.m. on December 6, 2016, to report his arrest. Finally, the [UCBR] finds that [Employer's] facility is open 24 hours per day.

7

UCBR Dec. at 1. Based on the modified factual findings, the UCBR declared:

> [Claimant] failed to follow [Employer's] known policy regarding the immediate reporting of an arrest. Specifically, [Claimant] was arrested on the morning of December 5, 2016. [Claimant] was released from incarceration at 10:00 p.m. on December 5, 2016, and [Claimant] waited until approximately 7:30 p.m. on December 6, 2016, to report his arrest. Because [Claimant] waited nearly 24 hours from the time he was released and nearly 48 hours from the time of his arrest to report his arrest to [Employer], . . . [Claimant] violated [Employer's] policy. [Claimant] failed to present good cause for his violation.

UCBR Dec. at 1. Because substantial record evidence supports the UCBR's findings and conclusions, they are conclusive before this Court.

This Court acknowledges that Employer's policy did not define "immediately." Moreover, there is little case law on the subject. However, the Pennsylvania Superior Court has held:

> The word 'immediate' in the contract must be construed to mean within a reasonable time thereafter, under all the facts and circumstances of the case; and what is a reasonable time must be decided by the [fact-finder], unless . . . the delay has been so great that the court may rule it as a question of law.

*Jackson v. Am. Auto. Ins. Co.*, 164 A. 116, 117 (Pa. Super. 1933) (quoting *People's Mut. Accident Ass'n v. Smith*, 17 A. 605, 606 (Pa. 1889)). Notably, in Claimant's appeal from the Referee's decision to the UCBR, Claimant agreed that "'immediately' is subject to a reasonableness standard under the given circumstances[.]" C.R. Item 12 at 3.

In *Myers v. Unemployment Compensation Board of Review*, 625 A.2d 622 (Pa. 1993), our Supreme Court declared that the employer's accident reporting policy did not require a claimant to act "immediately" thereafter, but nevertheless opined that the claimant "immediately" reported the accident where he drove with a

8

co-worker (also involved in the accident) from the accident scene to a telephone and stood next to the co-worker as the co-worker reported it, and then claimant personally reported the accident upon his return to his employer within 12 hours of the accident's occurrence.

Whether Claimant acted "immediately" in accordance with Employer's policy depended upon Claimant's specific circumstances, as determined by the UCBR, which found Claimant's rendition of why he did not report his arrest before 7:30 p.m. on December 6, 2016 not credible. Moreover, there is no record support for Claimant's position that the policy's purpose is to ensure shift coverage, and since he notified Employer of his Monday (December 5th) arrest on Tuesday (December 6th) evening before his Wednesday night (December 7th) shift, he acted immediately. Rather, substantial evidence supports the UCBR's findings that Employer had a reasonable policy of which Claimant was aware, yet Claimant consciously chose not to take a few minutes to comply with the policy **until nearly 24 hours after his release**. Under circumstances in which Claimant deliberately violated Employer's arrest reporting policy without proven good cause, the UCBR properly determined that Claimant's discharge was due to willful misconduct and, thus, he is ineligible for UC benefits under Section 402(e) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

9

Matt Sipps,                         :

                  Petitioner    :

                         :

         v.              :

                         :

Unemployment Compensation    :

Board of Review,             :     No. 564 C.D. 2017

                Respondent  :

## O R D E R

AND NOW, this 26th day of March, 2018, the Unemployment Compensation Board of Review's April 4, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge