Daniel P. Dailey,                          :
                         Petitioner        :
                                           :
            v.                             :
                                           :
Unemployment Compensation                  :
Board of Review,                           :        No. 876 C.D. 2018
                         Respondent        :        Submitted: December 21, 2018

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  March 1, 2019

Daniel P. Dailey (Claimant) pro se petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) June 1, 2018 order affirming the Referee's decision denying UC benefits under Section 402(e) of the UC Law (Law).[1]  Claimant presents one issue for this Court's review: whether the UCBR erred by finding that there was sufficient evidence that Claimant's actions constituted willful misconduct.  After review, we affirm.

Claimant was employed full-time as a commercial truck driver by Schneider National Carrier (Employer) from June 13, 2016 until January 12, 2018. Claimant's job duties required him to drive his car to the Lowe's distribution center in Pittston Township, pick up a tractor after conducting a pre-trip tractor check, drive the tractor to the trailer area, conduct a pre-trip trailer check, couple the tractor and trailer, and proceed to his scheduled destination.  Certified Record (C.R.) Item 13,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

Notes of Testimony (N.T.) at 13. Thereafter, he would drop the trailer off, pick up an empty trailer and either return to the distribution center or proceed to another destination. *See* N.T. at 13-14. Employer discharged Claimant on January 12, 2018 for improper coupling and failing to report damage that occurred to a 5th wheel handle on Employer's truck on January 10, 2018.

Claimant applied for UC benefits. On January 26, 2018, the Duquesne UC Service Center (UC Service Center) determined that Claimant was ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed and a Referee hearing was held on February 22, 2018. On March 15, 2018, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 1, 2018, the UCBR adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision.[2] Claimant appealed to this Court.[3]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the

---

[2] The UCBR made the following changes to the Referee's decision: "The [UCBR] amends Finding of Fact 2, changing 'mian' to 'main.' The [UCBR] amends Finding of Fact 3, changing 'blocking' to 'locking.' The [UCBR] amends Finding of Fact 7, changing 'of pay' to 'up to the.' The [UCBR] adopts and incorporates the remainder of the Referee's findings." UCBR Decision at 1.

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

employer's interest or a disregard of the employee's duties and obligations to the employer.

*Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added)).

> Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)).

Claimant argues the UCBR erred by concluding there was sufficient evidence that Claimant's actions constituted willful misconduct. Specifically, he maintains that there was no damage and, thus, nothing to report, so he did not violate Employer's damage reporting policy.

At the Referee hearing, Employer's Operations Manager Jeff Morse (Morse) testified that, on January 11, 2018, Claimant's co-worker notified Employer that the 5th wheel handle of the tractor he shared with Claimant was damaged. Morse recalled Claimant admitting to Employer that it occurred during Claimant's coupling process the day before. Morse explained that after Employer's safety team determined that Claimant violated Employer's coupling procedure and reporting policies, Claimant was discharged.

Morse presented Employer's Driver Annual Safety and Regulatory Policies Check, that Claimant completed and electronically signed when he was

hired, which was accepted into evidence.[4] *See* N.T. Ex. 7; *see also* N.T. at 5, 10, Ex. 7 at 1. Therein, Claimant acknowledged his understanding of Employer's policy regarding the coupling process:

> [T]he major safety checks required to ensure proper coupling every time are:
>
> *Before backing under the trailer or container/chassis, get out and check the height and alignment of it to your tractor. If the kingpin is run over the fifth wheel, it is difficult to get the pin back behind it.
>
> In maneuvering, the release handle can be bent easily, which may prevent the jaws from locking again.
>
> . . . .
>
> **I am aware of the consequences regarding** high hooks/unit separation/**improper coupling**/and improper locking of a trailer or container/chassis **stated below**.
>
> *High hooks/unit separations/**improper coupling may result in termination from [Employer]**.
>
> . . . .

N.T. Ex. 7 at 2 (bold and underline emphasis added). Claimant also acknowledged Employer's policy on damage reporting:

> [**A**]**ll** crashes, injuries, incidents, alleged **damage**, or cargo damage **involving** [**Employer-**]**owned or leased equipment (regardless of who is responsible) must be reported** as soon as possible, and should be reported from the crash, injury, or incident site unless conditions or authorities prevent it.
>
> **In any case of** crash, incident or allegation of **damage you must report it to** [**Employer**] **within 4 hours of that event**. . . .

---

[4] Morse described that Claimant would also have acknowledged these policies after each refresher/sustainment training thereafter. *See* N.T. at 5, 10.

**My failure to report in the time frames underlined above may lead to my termination from [Employer].**

N.T. Ex. 7 at 4 (bold and underline emphasis added).

Claimant described that, on January 10, 2018, when coupling the tractor and trailer, the trailer was one half-inch too high for the 5th wheel. He explained that he backed up approximately six inches and, when he observed the tractor was still not touching the trailer, he also saw that the kingpin had caught the end of the 5th wheel handle and bent it back four inches. Claimant stated he pulled the tractor forward to clear the 5th wheel and straightened the handle back to its original position. *See* N.T. at 14-15. He claimed that, other than the end of the 5th wheel handle still being misshapen, "nothing was wrong with the 5[th] wheel, nothing[,]" and he made it to his destination and back without incident. N.T. at 15. Claimant represented that he intended to bring his vice grip to work the next day and return the handle to its original shape, but his co-worker reported the condition of the handle before he had a chance to do so. *See* N.T. at 15. He acknowledged that he was required to report accidents within four hours, but concluded that there was no accident to report in this instance. *See* N.T. at 15. When asked if he similarly had to report damage, he responded: "Well, there wasn't no [sic] damage." N.T. at 15.

Morse responded that what Claimant did to Employer's equipment constituted damage that had to be reported within four hours, in accordance with Employer's policy. *See* N.T. at 16. He further pronounced that "under no circumstances are [Employer's] drivers supposed to repair anything upon the king[]pin, whether it be a 5[th] wheel handle, . . . the jaws or anything like that, they need a Certified Repair Facility to do that." N.T. at 16.

This Court has explained:

> [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is

5

irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Sipps*, 181 A.3d at 484 (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Further,

[s]ubstantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

Here, the UCBR adopted the Referee's conclusion:

[Employer] has sustained [its] burden. Although the [R]eferee finds that [Claimant's] accident and violation of [Employer's] coupling policy was not dispositive proof of willful misconduct, nevertheless, the [R]eferee does not deem [Claimant's] testimony as credible that he was unaware that he had to report the damage. The [R]eferee finds that [Claimant] failed to provide justifiable cause for his failure to notify [Employer] of the damage which [Claimant] had caused. Based upon the testimony and the documentary evidence in the record, the [R]eferee finds [Claimant's] actions rise to the level of willful misconduct.

Referee Dec. at 3.

Based upon this Court's review, there is substantial evidence to support the UCBR's findings and conclusion that Employer had a reasonable policy mandating that drivers report damage to Employer's equipment within four hours of when it occurred and that Claimant was aware of the policy. Claimant damaged Employer's equipment on January 10, 2018, but did not report it. Claimant did not

6

meet his burden of proving good cause for violating the policy. Rather, he asserts that no harm was done, since he was able to return the 5th wheel handle to its original position and complete his delivery, and he was going to reshape the tip of the 5th wheel handle the next day. However, Employer's damage reporting policy mandated that Claimant report "all . . . damage" to Employer's equipment, and was not contingent upon whether Claimant was able to fix it. N.T. Ex. 7 at 4. Viewing the evidence in a light most favorable to Employer, as we must, this Court holds that the UCBR properly concluded that Claimant committed willful misconduct and, thus, he is not eligible for UC benefits under Section 402(e) of the Law.

        For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel P. Dailey,                           :
                          Petitioner        :
                                            :
                    v.                      :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 876 C.D. 2018
                          Respondent        :

## O R D E R

AND NOW, this 1st day of March, 2019, the Unemployment Compensation Board of Review's June 1, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge