IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline P. Keita,     :
      Petitioner  :
          :
    v.       :
          :
Unemployment Compensation  :
Board of Review,     :  No. 1334 C.D. 2018
      Respondent :  Submitted: June 6, 2019


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: June 25, 2019


    Jacqueline P. Keita (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) August 29, 2018 order affirming the Referee's decision denying UC benefits under Section 402(e) of the UC Law (Law).[1]  Essentially, Claimant presents one issue for this Court's review: whether the UCBR erred by concluding that Claimant committed willful misconduct.[2]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

[2] Claimant presents two issues in her Statement of Questions Involved: (1) whether the UCBR erred by determining that Claimant "was deemed to not be credible and also that she committed willful misconduct by not fully cooperating in her employer's investigation[;]" and (2) whether the UCBR erred by concluding that Claimant "is ineligible for benefits under the provisions of Section 402(e) of the [Law]."  Claimant Br. at 6.  Because both issues are subsumed in whether the UCBR erred by concluding that Claimant committed willful misconduct, they will be addressed therein.

Claimant was employed by Specialty Retailers, Inc. (Employer) as a full-time Assistant Manager from May 20, 2017 through December 29, 2017. Employer's Work Standards and Expectations recommend discipline up to and including discharge if employees fail to cooperate in company investigations. Claimant was aware of Employer's policy. During an Employer investigation on December 28, 2017, Claimant failed to cooperate with Employer's investigator by failing to answer questions posed to her. Because Claimant failed to answer questions, the investigator invited Employer's District Manager Debra Sweda (Sweda) to notify Claimant that her lack of cooperation could lead to her discharge. Sweda twice notified Claimant that her failure to cooperate during an investigation would lead to employment termination. On December 28, 2017, Employer discharged Claimant for failing to cooperate with Employer during an investigation.

Claimant applied for UC benefits. On April 5, 2018, the Harrisburg Overflow Center (UC Service Center) determined that Claimant was eligible for UC benefits under Section 402(e) of the Law. Employer appealed and a Referee hearing was held. On May 18, 2018, the Referee reversed the UC Service Center's determination. Claimant appealed to the UCBR. On August 29, 2018, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[3]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; **or** (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added)).

Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)).

Claimant argues that the UCBR erred by deeming her not credible and by determining that she committed willful misconduct by not cooperating in Employer's investigation.

This Court has explained:

[T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Sipps*, 181 A.3d at 484 (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Further,

> [s]ubstantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

At the Referee hearing, Sweda presented Employer's "Work Standards and Expectations" which were accepted into evidence. Notes of Testimony May 17, 2018 (N.T.) at 3. They provided, in relevant part:

> All associates share in the responsibility of maintaining an environment that is professional, pleasant and productive. There are acts that will lead to disciplinary action, up to and including termination. Some are listed below:
>
> . . . .
> • failure to cooperate in a Company investigation[.]

Certified Record (C.R.) Item 2 at 3 (Ex. 4b). Sweda testified that the Work Standards and Expectations were included in the "Associate Handbook." N.T. at 5. Sweda also presented, and the Referee accepted into evidence, N.T. at 3, Claimant's signed acknowledgement that she received the Associate Handbook on May 8, 2017. C.R. Item 2 at 3 (Ex. 4c).

Based on the above, the Referee found as a fact, and the UCBR adopted, that "[C]laimant was aware of [] [E]mployer's policy" "recommend[ing] discipline up-to-and-including [employment] termination where employees fail to cooperate in company investigations." Referee Dec. at 1.

Sweda further testified:

> [Sweda] During the investigation [Claimant] had refused to cooperate at all, and refused to provide any information to the investigation [sic]. This was with our other asset

4

protection partners. I was brought into the room. I was informed that she was failing to cooperate with the investigation and was not providing any information, at which point I let [Claimant] know that failure to cooperate with the investigation would lead to termination. I asked her if she understood; she said yes, nodded, and I then reminded her that she needed to cooperate and that she needed to provide us with information, at which point she did not. I reminded her again that if she failed to comply with the investigation that she would be terminated, at which point she shrugged.

. . . .

[Employer's Representative] Okay, thank you, and at that point was the Claimant['s employment] immediately terminated?

[Sweda] Yes. After she refused to cooperate for the second time, then I terminated her employment.

N.T. at 6-7. This testimony is substantial evidence supporting the Referee's findings that "[t]wice, the district manager notified [] [C]laimant that her failure to cooperate during an investigation would lead to termination[,]" and "[b]ecause [] [C]laimant failed to cooperate with [] [E]mployer during an investigation, [] [E]mployer terminated [] [C]laimant." Referee Dec. at 2. Accordingly, the UCBR properly determined that Claimant committed willful misconduct.

Although unartfully stated, Claimant argues in her brief that she had good cause not to cooperate because she had no knowledge of the information for which she was being investigated. However, at the hearing, Claimant indicated that she did not answer because she was being asked about other employees. Notwithstanding, the Referee determined that Claimant was not credible, and the UCBR adopted that determination. "The law is clear that the [UCBR] is the ultimate . . . arbiter of witness credibility." *Killian-McCombie v. Unemployment Comp. Bd. of Review*, 62 A.3d 498, 500 (Pa. Cmwlth. 2013) (quoting *Bruce v. Unemployment Comp. Bd. of Review*, 2 A.3d 667, 671 (Pa. Cmwlth. 2010)).

5

Concerning the investigation, Employer's Asset Protection Manager Stacey Brinig Baker (Baker) testified:

> During the interview with [Claimant] as I said, we were asking various questions in regard to what was occurring in the store, and [Claimant] would cooperate in where she would confirm her name and her address for us but other than that she would either shrug her shoulders or refuse to answer, or one of the common phrases that she used repeatedly is I will not speak to that. After that[,] we continued to try to talk to her of, you know, [sic] in regards to gathering information when we realized that she was not going to cooperate. I think it lasted for probably about 30 minutes. Ryan Mangin, who is the (inaudible) District Manager in the room with me, stepped out of the room to inform our Manager and Human Resource [(HR)] representative in regards to what was occurring in the interview room. When Ryan stepped out that's when [] Sweda stepped in, that way there was always two people in the room with [Claimant]. Then Ryan came back in and [Sweda] stepped out and I think [Sweda] and Brenda Peterson, who is the HR Manager, they discussed exactly what was happening in regards to failure to cooperate with our investigation, and as [Sweda] had testified, she came in and verbally confirmed that [Claimant] would understand [sic] what would happen is [sic] she continued to refuse to answer questions, and [Claimant] said uh-huh first time with a nod of the head and then the second time it was as [] Sweda said, that she shrugged her shoulders, and then they made the decision to go ahead and terminate (inaudible).

N.T. at 11.

The UCBR opined:

> [C]laimant testified that she did not answer the investigator's questions because they pertained to another employee. The [UCBR], however, notes that [] [C]laimant was an assistant manager. As such, it was not unreasonable for her to answer questions about other employees. Because she did not, the [UCBR] finds that she lacked just cause for not cooperating with the investigator.

6

On appeal, [] [C]laimant asserted for the first time that she did not respond to the investigator's questions because she had no answers for them. [] [C]laimant, however, did not testify similarly at the hearing. Accordingly, the [UCBR] finds no reason to accept [] [C]laimant's contention and thus will not disturb the Referee's decision on the merits.

UCBR Dec. at 1. This Court discerns no error in the UCBR's reasoning.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jacqueline P. Keita, : 
        Petitioner : 
         : 
      v. : 
         : 
Unemployment Compensation : 
Board of Review, :    No. 1334 C.D. 2018
        Respondent : 

## O R D E R

AND NOW, this 25th day of June, 2019, the Unemployment Compensation Board of Review's August 29, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge