IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Teona Ubilava,              :
         Petitioner     :
                      :
      v.               :
                      :
Unemployment Compensation  :
Board of Review,        :   No. 643 C.D. 2023
         Respondent   :   Submitted: December 9, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: January 22, 2025

Teona Ubilava (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 14, 2023 order.[1] In response to Claimant's Petition for Review (Petition), the UCBR filed a

---

[1] The UCBR issued four orders on February 14, 2023: (1) UCBR docket number 2021287952-BR, wherein the UCBR affirmed the Referee's decision (Referee docket number 21-09-C-5054-1-RF) dismissing Claimant's appeal as untimely, thereby denying Claimant UC benefits, and determining that Claimant has a fault overpayment of $3,794.00 in regular UC benefits, and a non-fraud overpayment of $7,800.00 in Federal Pandemic UC (FPUC) benefits; (2) UCBR docket number 2021287953-BR, wherein the UCBR affirmed the Referee's decision (Referee docket number 21-09-C-5054-3-RF) dismissing Claimant's appeal as untimely, thereby denying Claimant UC benefits, and determining that Claimant has a fault overpayment of $3,794.00 in regular UC benefits, and a non-fraud overpayment of $7,800.00 in FPUC benefits; (3) UCBR docket number 2021287955-BR, wherein the UCBR affirmed the Referee's decision (Referee docket number 21-09-C-5055-1-RF) dismissing Claimant's appeal as untimely, thereby denying Claimant UC benefits, and determining that Claimant has a fault overpayment of $3,794.00 in regular UC benefits, and a non-fraud overpayment of $7,800.00 in FPUC benefits; and (4) UCBR docket number 2021287954-BR, wherein the UCBR affirmed the Referee's

Motion to Dismiss Claimant's Petition (Motion to Dismiss). There are two issues before this Court: (1) whether Claimant's appeal to this Court should be dismissed; and (2) whether the Referee properly dismissed Claimant's appeal as untimely. After review, this Court grants the UCBR's Motion to Dismiss.

## Background

Claimant applied for UC benefits on April 5, 2020. On January 8, 2021, the Erie UC Service Center (UC Service Center) found Claimant ineligible for UC benefits under Sections 401(d)(1), 402.3, and 804(a) of the UC Law (Law).[2] Claimant appealed, and a Referee held a hearing on May 21, 2021, at which Claimant did not appear. On May 25, 2021, the Referee issued two decisions: (1) Referee docket number 21-09-C-5054, which dismissed Claimant's appeal (of the UC Service Center's determination that found her ineligible for regular UC benefits under Section 401(d)(1) of the Law with a fault overpayment under Section 804(a) of the Law) as untimely pursuant to Section 501(e) of the Law[3] (Referee Dec. 1); and (2) Referee docket number 21-09-C-5055, which dismissed Claimant's appeal (of the UC Service Center's determinations that found her ineligible for Federal Pandemic UC (FPUC) benefits under Section 2104 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020[4] and assessing a non-fraud

---

decision (Referee docket number 21-09-C-5054-**4**-RF) quashing the appeal as moot, having been adjudicated in UCBR docket numbers 2021287952-BR, 2021287953-BR, and 2021287955-BR. Before this Court is Claimant's appeal from UCBR docket number 2021287954-BR.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(d)(1) (relating to ability and availability for suitable work), 802.3 (relating to eligibility of aliens), and 874 (relating to recovery and recoupment of UC). Section 402.3 of the Law was added by Section 5 of the Act of July 6, 1977, P.L. 41.

[3] 43 P.S. § 821(e). Effective July 24, 2021, Section 3 of the Act of June 30, 2021, P.L. 173, amended Section 501(e) of the Law to increase the time to file an appeal from a UC decision from 15 to 21 days. However, at the time of the UC Service Center's determinations in the instant case, Section 501(e) of the Law still required a party to file an appeal within 15 days.

[4] 15 U.S.C. § 9023 (relating to the emergency increase in UC benefits).

overpayment) as untimely pursuant to Section 501(e) of the Law (Referee Dec. 2). Claimant appealed from both Referee decisions to the UCBR and requested a hearing regarding her failure to appear at the May 21, 2021 hearing. Upon review, the UCBR determined that Claimant showed good cause and remanded the case to the Referee for a hearing on the issue of her unavailability for the May 21, 2021 hearing and the merits of her appeal.[5] On February 14, 2023, although Claimant appealed from two determinations, as a result of an error in the UC Claims System, the UCBR issued four decisions - three identical decisions dismissing Claimant's appeal as untimely, and one decision quashing the appeal as moot (UCBR docket number 2021287954-BR). *See supra* n.1.

## Facts

On February 24, 2023, Claimant mailed a letter to this Court expressing her desire to appeal from the UCBR's February 14, 2023 decisions and attaching the decisions at UCBR docket numbers 2021287954-BR and 2021287955-BR. By March 24, 2023 Notice (Notice), this Court directed Claimant to file a Petition for Review within 30 days in order to perfect her appeal. Claimant only filed a Petition for Review appealing from the UCBR's docket number 2021287954-BR. Accordingly, it is the only appeal that is currently before this Court.

On August 23, 2023, the UCBR filed its Motion to Dismiss, alleging therein that because only the UCBR's order at docket number 2021287954-BR is before this Court, that appeal should be quashed as duplicative (of the other three decisions issued in error by the UC Claims System), and since Claimant was not aggrieved by that order, Claimant's appeal should be dismissed. By December 5, 2023 Order, this Court directed the parties to address in their principal briefs on the

---

[5] The hearing transcript is not in the Certified Record.

3

merits the issues raised in the Motion to Dismiss, including Claimant's alleged lack of standing.[6]

## Motion to Dismiss

In its brief, the UCBR explains:

> When the Department of Labor & Industry upgraded its [UC] system, appeals that were pending had to be converted to the new system. In the process, some appeals were assigned multiple docket numbers. Such is what happened in this case. To dispose of the invalid docket number, the [UCBR] issued an order dismissing it as moot, because Claimant's actual appeal was proceeding under the other legitimate docket numbers. Claimant is not aggrieved by this dismissal because her appeal was fully adjudicated in the other dockets.

UCBR Br. at 4.

In its order under UCBR docket number 2021287954-BR, the UCBR stated, in relevant part:

> WHEREAS, due to the conversion process in the UC Claims System, [] [C]laimant['s] appeal was converted to several appeal numbers; and
>
> WHEREAS, **the issues raised in this appeal number have been adjudicated** in [UCBR] [d]ocket [number]s 2021287952-BR, 2021287953-BR, and 2021287955-BR, rendering this appeal number moot.
>
> NOW, the [UCBR] enters the following:
>
> ORDER
>
> **[UCBR docket number] 2021287954-BR is quashed as moot**.

---

[6] Claimant did not address the Motion to Dismiss in her brief. Rather, Claimant discussed the merits of her case and why she believed the UCBR should not have dismissed her appeal as untimely. Conversely, the UCBR only addressed the Motion to Dismiss in its brief.

Certified Record (C.R.) at 56 (emphasis added).

When Claimant contacted this Court regarding her desire to appeal from the UCBR decisions, she attached two UCBR decisions - UCBR docket number 2021287954-BR, which this Court docketed at 94 XX 2023, and 2021287955-BR, which this Court docketed at 95 XX 2023. Thereafter, this Court expressly notified Claimant: "[U]nless your petition for review is filed and the filing fee (if any) is paid **within 30 days of the date of this** [**N**]**otice**, the Court will take no further action in this matter." March 24, 2023 Notice (emphasis in original). Thereafter, Claimant timely filed only one ancillary Petition for Review identifying UCBR docket number "2021287954-BR" as the "order" from which she appealed, Petition at 1, which this Court transferred to docket number 643 C.D. 2023. The UCBR filed its Motion to Dismiss two days later. Claimant did not file a response thereto.

The UCBR argues that Claimant's appeal should be dismissed because Claimant was not aggrieved by the UCBR's order quashing a duplicative appeal and, therefore, she has no standing to appeal from it. Although directed to address the Motion to Dismiss and the standing issues in her principal brief, Claimant did not do so.

> Pennsylvania Rule of Appellate Procedure 501 provides:
>
> Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.
>
> *Note:* Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

Pa.R.A.P. 501. "If a party is not adversely affected in any way by the determination being challenged, the party is not aggrieved and, thereby, has no standing to obtain

5

a judicial resolution of the challenge." *Energy Conservation Council of Pa. v. Pub. Util. Comm'n*, 995 A.2d 465, 475 (Pa. Cmwlth. 2010).

Here, it is inconceivable how Claimant could possibly be aggrieved by an order quashing an appeal as duplicative of three other identical orders. Thus, because Claimant is not aggrieved thereby, she has no standing to appeal therefrom. While this Court is sympathetic to the procedural conundrum caused by the UC Claims System's error in issuing four separate appeal numbers for two appeals, this Court can only rule on the appeal before it. It is axiomatic that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Arena Beverage Corp. v. Pa. Liquor Control Bd.*, 97 A.3d 444, 452 (Pa. Cmwlth. 2014) (quoting *Vann v. Unemployment Comp. Bd. of Rev.*, 494 A.2d 1081, 1086 (Pa. 1985)). Accordingly, this Court is constrained to grant the UCBR's Motion to Dismiss.[7]

## Conclusion

For all of the above reasons, the UCBR's Motion to Dismiss is granted.

_____
ANNE E. COVEY, Judge

---

[7] Notwithstanding, had this Court denied the UCBR's Motion to Dismiss and addressed the untimeliness of Claimant's appeal of the relevant UC Service Center's decision, this Court would have affirmed the UCBR's order. The UC Service Center's decision was mailed on January 8, 2021. *See* C.R. at 17. Claimant had 15 days to file her appeal therefrom. *See former* Section 501(e) of the Law. Claimant did not file her appeal until April 14, 2021. *See* C.R. at 19. The UCBR is the arbiter of credibility, *see Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479 (Pa. Cmwlth. 2018), and it did not believe Claimant's testimony that she did not receive the UC Service Center's determinations. *See* UCBR decisions docketed at 2021287952-BR, 2021287953-BR, and 2021287955-BR. Accordingly, this Court would have ruled that the UCBR properly affirmed the Referee's decision declaring Claimant's appeal untimely.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Teona Ubilava,                 :
         Petitioner     :
                      :
       v.               :
                      :
Unemployment Compensation  :
Board of Review,        :   No. 643 C.D. 2023
         Respondent   :

## O R D E R

AND NOW, this 22nd day of January, 2025, the Unemployment Compensation Board of Review's Motion to Dismiss Teona Ubilava's Petition for Review is granted.

_____
ANNE E. COVEY, Judge